E. June Lord
Attorney at Law
600 Central Plaza, Suite 426
Great Falls, MT 59401
(406) 727-8534
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | NO. CR 17-90-BLG-SPW |
| vs. ) | |
| ) | SENTENCING MEMORANDUM |
| STEVE JOAQUIN COLUNGO, JR., ) | AND REQUEST FOR VARIANCE |
| Defendant. ) | |

Defendant, through undersigned counsel, hereby files this memorandum in anticipation of his sentencing on November 20, 2018.

## INTRODUCTION

Pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1) (A) and B. The defendant pled guilty on July 16, 2018 to Possession with Intent to distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), Count II. The advisory sentencing guideline calculation places the defendant at offense level 29, criminal history III making the guideline range 108-135 months imprisonment. The crime has a mandatory minimum of 10 years.

Mr. Colungo does not object to the guideline calculation.

## SENTENCING MANDATE

There is no presumption at the District Court level in favor of a Guideline sentence and the District Court's focus should not be on imposing a "reasonable" sentence rather this Court's mandate is to impose "a sentence sufficient, but not greater than necessary" to comply with the basic aims of sentencing. *Rita v. United States* 127 S. Ct. 2456, 2466 (2007).

**The Statute requires the consideration of the following factors:**

**(1) The nature and circumstances of the offense and the history and Characteristics of the defendant. 18 U.S.C. §3553(a)(1).**

Mr. Colungo took responsibility for the possession with intent to distribute 169.5 grams of actual methamphetamine. Unfortunately that triggered a 10 year minimum sentence. This crime occurred on April 25, 2016. Mr. Colungo was not charged at that time, but was later indicted for this crime on July 24, 2017. He appeared for arraignment on February 22, 2018. During the period between commission of the federal crime, he was charged by the State of Montana for Criminal Possession of Dangerous Drugs on June 6, 2017. He was convicted of that crime and was sentenced to 5 years Montana Department of Corrections with 2 years suspended. He began serving that sentence which was interrupted with the

2

charge in Federal Court for a crime committed previous to the state conviction.

Mr. Colungo is 56 years of age and has a stable relationship with Desirae Sabelkoul. They have two children together and have been together for approximately six years. Mr. Colungo has lived a somewhat turbulent life, in and out of relationships, sporadic employment history, but it appears that at his age he is ready to change his lifestyle and is very concerned about raising his children in a good environment. He asks that the Court consider giving him as little time as possible so that his youngest children, (age 4 and 3) will have the benefit of spending some part of their lives with him. He has concluded that drug addiction has been the trigger for the crime and he wants treatment for that addiction.

**(2) The need for the sentence imposed-**

**(A) To reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense.**

While prison is unavoidable for this type of crime, addressing the needs of the Defendant to help him return to society and remain crime free is not served by the prison system.

**(B) To afford adequate deterrence to criminal conduct 18 U.S.C. 3553(a)(2)(B).**

Section 3553(a) requires imposition of a sentence that serves crime control purposes-e,g,. Deterrence and incapacitation. Congress directed that all sentences

3

must "afford adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant" See U.S. C. §3553(a))2)(B) and (C).

### C. Protect the public from further crimes of the defendant:

Addressing Mr. Colungo's drug addiction so that he can become a fully functioning member of society should satisfy this provision.

### D. Provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner:

Mr. Colungo requests that the Court recommend that he be allowed to attend the Drug Treatment Program.

## REQUEST FOR VARIANCE

Mr. Colungo was brought into federal custody from the state of Montana through a writ. After he is sentenced in this court, he will most likely return to state custody to complete his term. As the Court is aware, the Bureau of Prisons will not begin to count time until he is in the custody of the Bureau of Prisons. Consequently, even though this Court imposes a sentence to run concurrent with the state sentence, he will receive little benefit from that. A concurrent sentence in this case is warranted because the state crime was committed after the federal crime, and it is considered relevant conduct. Therefore, Mr. Colungo requests that the court take that into consideration in fashioning a sentence.

## CONCLUSION

Mr. Colungo has taken responsibility for his crime and he is in a position to completely rehabilitate due to has age and family circumstances. He is very concerned about being away from his family for a long period of time. His fiancé was involved in this crime with him and, according to the pre-sentence report, has completed treatment for drug addiction. The children need their parents even if they have made serious mistakes in their lives.

RESPECTFULLY SUBMITTED this 9th day of November, 2018.

/s/ E. June Lord
E. JUNE LORD
Attorney for Defendant

# CERTIFICATE OF COMPLIANCE
# CR 47.2

I hereby certify that the foregoing document is in compliance with Local Rule CR 47.2. The document's line spacing is double spaced, and is proportionately spaced, with a 14 point font size and contains less than 6,500 words. (Total number of words: 910, excluding tables and certificates).

DATED this 9th day of November, 2018.

                                              /s/ E. June Lord
                                              E. JUNE LORD
                                              Attorney for Defendant